IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY A. BATES, Individually ) <br> and as Personal Representative ) <br> of the Heirs and Estate of LOREN ) <br> G. BATES, Deceased, KEVIN BATES, ) <br> and KARLA THOMPSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHINTEC, INC. et al, ) <br> ) <br> Defendants. ) | Case No. 06-0944-CV-W-GAF |

### ANSWER OF DEFENDANT ROFFLER INTERNATIONAL, L.L.C. TO SECOND AMENDED COMPLAINT

Roffler International, L.L.C. (hereafter "Roffler"), for its Answer to Plaintiffs' Second Amended Complaint, denies each and every allegation in the Second Amended Complaint unless specifically admitted herein, and further answers each paragraph as follows:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1. Roffler is without sufficient information to admit or deny paragraph 1 and, therefore denies it.

2. Roffler is without sufficient information to admit or deny paragraph 2 and, therefore denies it.

3. Roffler is without sufficient information to admit or deny paragraph 3 and, therefore denies it.

4. Roffler denies that it is jointly and severally liable with other defendants named in paragraph 4, and Roffler denies it caused or contributed to the cause of any of

the alleged injuries. In further answer to paragraph 4, Roffler admits that it may be served as described in paragraph 4 (32), but denies the remaining allegation in paragraph 4 (32). Roffler is without sufficient information to admit or deny the remaining allegations in paragraph 4, and therefore denies those remaining allegations.

5. Roffler denies the allegations in paragraph 5.

## COUNT I
## STRICT LIABILITY

6. Roffler incorporates by reference each answer to paragraphs 1 through 5 for its answer to paragraph 6.

7. Roffler denies Paragraph 7, 7(a), 7(b) and 7(c), and any other subpart.

8. Roffler denies paragraph 8.

9. Roffler denies paragraph 9.

10. Roffler denies paragraph 10.

## COUNT II
## NEGLIGENCE

11. Roffler incorporates by reference each answer to paragraphs 1 through 5 for its answer to paragraph 11.

12. Roffler denies paragraph 12.

13. Roffler denies paragraph 13.

14. Roffler denies paragraph 14.

15. Roffler denies paragraph 15.

16. Roffler denies paragraph 16, 16(a), 16(b), 16(c), 16(d), 16(e), 16(f), 16(g), and any other subpart.

17. Roffler denies paragraph 17.

## COUNT III
## WILLFUL AND WANTON MISCONDUCT

18. Roffler incorporates by reference each answer to paragraphs 1 through 5 for its answer to paragraph 18.

19. Roffler denies paragraph 19, 19(a), 19(b), 19(c), 19(d), 19(e), 19(f), and 19(g), and any other subpart.

20. Roffler denies paragraph 20.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Second Amended Complaint fails to state sufficient facts to constitute a cause of action and fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims against Roffler have been released and discharged. In 2002, Roffler obtained assets from a bankruptcy court trustee in a case styled: <u>In re Styling Technology Corporation, et al.,</u> filed in US Bankruptcy Court for the District of Arizona, case no. 00-9473 through 00-09483-ECF-CGC. This bankruptcy action discharged any action Plaintiffs may have had at the time against the assets purchased. Further, no liabilities were assumed relating to the purchased assets. Therefore, Plaintiffs' have no claims against Roffler relating to the assets purchased, and Plaintiffs' claims to the extent they relate to the assets purchased out of the bankruptcy have been released and discharged.

3. Roffler incorporates each and every affirmative defense asserted by other defendants in the case into its affirmative defenses.

4. The alleged injuries and damages may have been caused in whole or in part by the acts or omissions of Plaintiff's decedent or the acts, omissions or fault of others that must be compared, thereby barring or diminishing any recovery against Roffler, pursuant to R.S. Mo. §537.765.

5. Plaintiffs' claims may be barred by R.S. Mo. §537.764, in that the alleged dangerous nature of the products, if any, allegedly sold or manufactured by Roffler were not known and could not be reasonably discovered at the time the products were placed in the stream of commerce.

6. Roffler may be entitled to dismissal pursuant to R.S. Mo. §537.762.

7. Plaintiffs' claims may be barred under the doctrine of assumption of risk.

8. Plaintiffs' claims may be barred by the applicable statutes of limitations or statute of repose, including but not limited to, R.S. Mo. §§516.120 and 537.100.

9. Plaintiffs' claims may be barred under the equitable doctrines of laches, waiver or estoppel.

10. Plaintiffs have failed to join necessary and indispensable parties.

11. Plaintiffs claims for punitive damages should be bifurcated pursuant to R.S.Mo §510.263.

12. To the extent Plaintiffs seek an award of punitive damages, Plaintiffs' claims for punitive damages or damages for aggravating circumstances are limited by the provisions of R.S. Mo. §510.265.

13. Roffler's liability to plaintiffs, if any, is limited by R.S. Mo. §537.067.1.

14. Roffler is entitled to a credit or offset for any settlement with other entity's pursuant to R.S. Mo. §537.060.

15. Plaintiffs are not entitled to any punitive damage award against Roffler or any other defendant and that such awards are limited for any one or more of the following reasons:

   a.  The standards by which defendants' conduct is to be determined as alleged by Plaintiffs are vague and wholly arbitrary and as such deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

   b.  The standards for determining the amount or subsequent imposition of punitive damages are vague, supply no notice to defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

   c.  Plaintiffs' request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

   d.  Plaintiffs' request for punitive damages constitutes a request for or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

   e.  Plaintiffs' request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

   f.  Plaintiffs' request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

   g.  Plaintiffs' request for punitive damages cannot protect defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

   h.  An award of punitive damages would violate defendants' due process under the United States Constitution as well as be in violation of the United States Supreme Court's decision in Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991);

i.  An award of punitive damages would violate provisions of the Constitution of the United States including Article I, Section 8, Section 9, Section 10: Article III, Section 2;

j.  An award of punitive damages would violate provisions of the 1945 Constitution of Missouri including, but not limited to Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22;

k.  The provisions of R.S. Mo. §510.263 and all Missouri Approved Jury Instructions relating to an award of punitive damages are unconstitutional in that they fail to provide for procedures or instructions that remedy the deficiencies set forth in the above subparagraphs.

16. The allegations of Plaintiffs' Second Amended Complaint relating to Roffler lack evidentiary support and violate the provisions of Federal Rule of Civil Procedure 11, entitling Roffler to its fees, expenses and costs herein.

17. This matter should be dismissed, or alternatively stayed, because the same action involving the same parties is pending in Texas state court.

[Remainder of Page Intentionally Blank]

WHEREFORE, having fully answered the Second Amended Complaint, Roffler International, L.L.C. prays that this case be dismissed, that judgment be entered in its favor for it's fees, costs and expenses incurred herein.

On behalf of Roffler International, LLC,

/s/Charles J. Hyland/s/
Charles J. Hyland  MO # 41486
Hyland Law Firm, LLC
7300 W. 110th Street, Suite 925
Overland Park, KS 66210
(913) 498-1911
(913) 498-1950 (fax)
charlie@hylandkc.com

ATTORNEYS FOR ROFFLER
INTERNATIONAL, LLC

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via the CM/ECF system on the ____day of August, 2007, to:

| | |
|---|---|
| Anthony Louis Dewitt | Angela B. Greenberg |
| Beth Phillips | Patrick N. Haines |
| Edward D. Robertson, Jr. | Mark Lanier |
| Mary D. Winter | Lanier Law Firm |
| Bartimus, Frickleton, Robertson & Corney | 6810 FM 1960 West |
| 715 Swifts Highway | Houston, TX 77069 |
| Jefferson City, MO 65109 | |
| Attorneys for Plaintiffs | |

Robert W. Barton
Taylor, Porter, Brooks & Phillips, LLP 451
Florida Street, Ste. 800
PO Box 2471
Baton Rouge, LA 70801

John M. Brigg
W. James Foland
Foland, Wickens, Eisfelder, et al.
Commerce Tower Building 911
Main Street, 30th Floor
Kansas City, MO 64105

David Allen Brose
Patrick Lysaught
Baker, Sterchi, Cowden & Rice
2400 Pershing Rd., Ste. 500
Kansas City, MO 64108

J. Kevin Buster
Carmen Toledo
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309-3521

Paul D. Cowing
Cowing & Mendelson, PC
4951 Northeast Goodview Circle, Ste. B
Lee's Summit, MO 64064

Dana T. Cutler
Keith A. Cutler
James W. Tippin & Associates
The Scarritt Building 818
Grand Ave., Ste. 600
Kansas City, MO 64106

Michael D. Freeborn
Patrick J. Woytek
Freeborn & Peters LLP
311 South Wacker Dr., Ste. 3000
Chicago, IL 60606

Richard L. Green
Mark E. Johnson
Stinson Morrison Hecker, LLP
1201 Walnut St., Ste. 2900
Kansas City, MO 64106

Alan R. Gries
Gibbons, Del Deo, Dolan, et al.
1700 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103-2769

Eric Hansell
190 Carondelet Plaza, Ste. 600
St. Louis, MO 63105

John E. Heinrich
Kean Miller
PO Box 3513
Baton Rouge, LA 70821

Michael Hunter
Williams Venker & Sanders, LLC
10 South Broadway, Ste. 1500
St. Louis, MO 63105

Todd M. Johnson
Robert P. Numrich
Baty, Holm & Numerich, PC
4600 Madison Ave.
210 Plaza West Building
Kansas City, MO 64112-3012

Richard J. Lorenz
Lorenz Law Firm
12777 Jones Road, Ste. 265
Houston, TX 77070

James Maloney, V.

Richard D. Rhyne
Lathrop & Gage, LC
2345 Grand Ave., Ste. 2800
Kansas City, MO 64108

D. Freguson McNiel, III
Vinson & Elkins LLP
1001 Fannin Street
2300 First City Tower
Houston, TX 77002-6760

Gayla M. Moncla
Kean, Miller, Hawthorne, D'armond, et al.
One America Place, 22nd Floor
PO Box 3513
Baton Rouge, LA 70825

Bruce A. Moothart
Husch & Eppenberger
1200 Main Ste., Ste. 2300
Kansas City, MO 64105-2122

Kevin Powell
Law Offices of Kevin Powell, LLC
Capital One Tower
One Lakeshore Dr., Ste. 1810
Lake Charles, LA 70629

Vivian M. Quinn
Samuel Goldblatt
Nixon Peabody, LLP
40 Fountain Plaza, Ste. 500
Buffalo, NY 14202

Hope E. Redmond
Timothy J. Coughlin
Thomas L. Feher
Laura Bancroft Nemer
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 45202

Jerry K. Ronecker
Husch & Eppenberger, LLC
190 Carondelet Plaza, Ste. 600
St. Louis, MO 63105

Laurence Robert Tucker
Armstrong Teasdale, LLP
2345 Grand Blvd., Ste. 2000 Kansas
City, MO 64108

Paul N. Venker
Williams, Venker & Sanders, LLC
Equitable Building
10 South Broadway, 16th Floor St.
Louis, MO 63102

T. Michael Wall
Gardere Wynne Sewell, LLP 1000
Louisiana Street, Ste. 3400
Houston, TX 77002-5011

E. Wayne Taff
Sherman Taff Bangert Thomas & Coronodo, P.C.
Suite 2890, City Center Square
P.O. Box 26530
Kansas City, MO 64196

           ____/s/ Charles J. Hyland_____
              Charles J. Hyland


  A copy of the foregoing was served via U.S. Mail prepaid to the following on the ____day of August, 2007, to:

Samuel Goldblatt
Nixon Peabody, LLP
40 Fountain Plaza
Suite 500
Buffalo, NY 14202

Angela B. Greenberg
The Lanier Law Firm, P.C.
6810 FM 1960 West
Houston, TX 77069

W. Mark Lanier
The Lanier Law Firm, P.C.
6810 FM 1960 West
Houston, TX 77069

Paula E. Reichenstein
Jones Day
2727 N. Harwood Street
Dallas, TX 75201-1515

W. Kelly Stewart
Jones Day
2727 N. Harwood Street
Dallas, TX 75201-1515

                                                          _____/s/ Charles J. Hyland_____
                                                             Charles J. Hyland

DAL-00144604.DOC-1 12

Case 4:06-cv-00944-GAF   Document 116   Filed 08/27/07   Page 12 of 12
Case 4:06-cv-00944-GAF   Document 110   Filed 08/20/2007   Page 12 of 12